UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| F & J APARTMENTS, LLC, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00010-SEB-DML |
| | ) | |
| G. ROBERT HALL Individually and in his Official Capacity as Mayor of the City of Charlestown, Indiana, et al. | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |
| MICHAEL A GILLENWATER, | ) | |
| | ) | |
| Interested Party. | ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Now before the Court are the following motions: (1) Motion for Judgment on the Pleadings [Dkt. 24] filed by Defendants G. Robert Hall, M. Anthony Jackson, Eric Vaughn, Ted Little, Mike Vaughn, Brian Hester, George Roberts, and Ben Ledbetter ("the City Officials") in their official capacities; The City of Charlestown, Indiana; The Charlestown Board of Public Works and Safety; and The Charlestown, Indiana, Redevelopment Commission (collectively, "the City Defendants"); (2) Motion for Judgment on the Pleadings [Dkt. 28] filed by Defendants Pleasant Ridge Redevelopment, LLC, Neace Ventures, LLC, Neace Enterprises, LLC, John Neace, and John Hampton (collectively, "PRR Defendants"); and (3) Motion to Join PRR Defendants' Ripeness Defense [Dkt. 32] filed by the City Defendants. Each of these motions is filed pursuant

1

to Rule 12(c) of the Federal Rules of Civil Procedure and seeks judgment on the pleadings as to Count 3 of Plaintiffs' Second Amended Complaint, which alleges a civil RICO violation. For the reasons detailed below, we GRANT Defendants' Motions.

**Factual Background**

Plaintiffs are residents of Indiana and Kentucky who are current and former owners of rental properties in the Pleasant Ridge neighborhood located within the City of Charlestown, Indiana. Plaintiffs allege in this action that the City of Charlestown ("the City") believed that Pleasant Ridge was in dire need of redevelopment and, to that end, beginning in 2016, conspired with a private development company, Pleasant Ridge Redevelopment, LLC ("PRR"), and its representatives to coerce through extortion Plaintiffs into selling their real estate to the PRR Defendants below market value at a price of no more than $10,000.00 per property.

Specifically, Plaintiffs allege that the City Defendants forced them to sell by imposing significant and punitive fines against them for various code violations—up to $5,600 per day—and then agreeing to waive the fines if Plaintiffs sold their properties to the PRR Defendants. According to Plaintiffs, although PRR theoretically assumed responsibility for the daily accumulating fines after the sales, the City agreed to waive all such fines if PRR agreed to demolish the homes on the properties at some undetermined point in the future. Plaintiffs allege that, although most of the homes had not yet been demolished at the time this action was filed and the daily fines were continuing to accrue, the City Defendants had not collected on any of the fines against PRR nor required PRR to make any of the repairs previously identified by the City as necessary for the

properties to comply with the City's property maintenance code. Plaintiffs allege that Defendants conspired and "associated together for the common purpose of using extortion to acquire all 354 homes located in Pleasant Ridge and redevelop Pleasant Ridge for the private enrichment of some or all Defendants." Sec. Am. Compl. ¶ 168.

Plaintiffs filed this action on January 19, 2018, alleging that Defendants' conduct violated Plaintiffs' rights guaranteed by the United States Constitution and also constituted illegal racketeering activity under RICO. Plaintiffs amended their complaint on February 9, 2018 and again on July 13, 2018. Defendants have all moved for partial judgment on the pleadings as to Plaintiffs' civil RICO claim.

## **Legal Analysis**

I.  **Applicable Legal Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the pleadings are closed, but early enough not to delay trial. We review motions for judgment on the pleadings under the same standard by which we review motions to dismiss for failure to state a claim under Rule 12(b)(6). *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). In determining the sufficiency of a claim under this standard, the court considers all allegations in the nonmovant's pleading to be true

3

and draws such reasonable inferences as required in the nonmovant's favor. *Jacobs v. City of Chi.*, 215 F.3d 758, 765 (7th Cir. 2000).

## II. Discussion

### A. The City Defendants' Motion for Judgment on the Pleadings [Dkt. 24]

The City Defendants (the municipal defendants and the City Officials in their official capacities) have moved for partial judgment on the pleadings on Plaintiffs' civil RICO claim as set forth in Count 3 of the Second Amended Complaint on the ground that municipalities cannot be held liable for such claims. Although the parties have not cited, and we have not found Seventh Circuit authority directly on point, Plaintiffs do not dispute that the prevailing position of other circuit courts as well as district courts in this circuit support a holding that municipalities are not subject to liability for civil RICO claims. *See, e.g.*, *Reyes v. City of Chi.*, 585 F. Supp. 2d 1010, 1014 (N.D. Ill. 2008) ("Defendants are correct in that municipalities are not liable for civil RICO claims.") (collecting cases, including Third and Ninth Circuit authority); *Lathrop v. Juneau & Assocs., Inc. P.C.*, 220 F.R.D. 330, 334 (S.D. Ill. 2004) ("[M]unicipalities are not liable for civil RICO claims.").

Plaintiffs cursorily argue that, because the Seventh Circuit has held that corporations can be held liable for civil RICO violations, it would be "logically consistent" to conclude that a municipality could also be liable for civil RICO violations. Dkt. 36 at 3. However, tenuous as this argument appears to be on its face, it has not been sufficiently developed by Plaintiffs. Accordingly, we <u>GRANT</u> the City Defendant's Motion for Judgment on the Pleadings as to Count 3 of Plaintiffs' Complaint. All civil

RICO claims against the City of Charlestown, Indiana, the Charlestown Board of Public Works and Safety, and the Charlestown, Indiana Redevelopment Commission, as well as the civil RICO claims brought against Defendants G. Robert Hall, M. Anthony Jackson, Eric Vaughn, Ted Little, Mike Vaughn, Brian Hester, George Roberts, and Ben Ledbetter in their official capacities are hereby dismissed.

> **B.     The PRR Defendants' Motion for Judgment on the Pleadings, Joined by the City Defendants [Dkts. 28 and 32]**

The PRR Defendants and the City Defendants in their individual capacities have also moved for judgment on the pleadings as to Plaintiffs' civil RICO claim set forth in Count 3 of the Second Amended Complaint. Count 3 alleges that Defendants have violated the following RICO provisions: 18 U.S.C. § 1962(a), (c), and (d). This statute provides in pertinent part as follows:

> **(a)** It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person as participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> …
>
> **(c)** It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> **(d)** It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

5

18 U.S.C. 1962.  The definition of "racketeering activity" as set forth in 18 U.S.C. § 1961(a)(1) includes "extortion," which is defined under 18 U.S.C. § 1951(b)(2) as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."

Defendants argue that Plaintiffs have failed to state a RICO claim under any of the § 1962 subsections because, among other things, they have not sufficiently alleged the existence of a pattern of racketeering activity.  Because a "pattern of racketeering activity" is an element of every RICO provision, we turn first to determine whether Plaintiffs have properly alleged this element before considering any other of Defendants' arguments in support of dismissal.

Our review establishes that Plaintiffs have adequately alleged that Defendants engaged in acts of extortion, which the parties do not dispute.  It is further undisputed that extortion constitutes "racketeering activity" for RICO purposes.  *See* 18 U.S.C. § 1961(1) ("'racketeering activity' means … any act which is indictable under any of the following provisions of Title 18, United States Code: … section 1951 (relating to interference with commerce, robbery, or extortion)").  Defendants argue, however, that Plaintiffs have failed to adequately allege a *pattern* of racketeering activity because the Second Amended Complaint avers only that Defendants' conduct "is *a* violation of the Hobbs Act," (Sec. Am. Compl. ¶ 156), and "[a] pattern of racketeering activity consists, at the very least, of two predicate acts of racketeering committed within a ten-year period." *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 472 (7th Cir. 2007) (citing 18 U.S.C. § 1961(5)).  Plaintiffs rejoin that Defendants' scheme included multiple predicate acts of

racketeering as shown by the Second Amendment Complaint having been brought by eleven separate individuals and entities and involving over 100 properties sold to PRR, each of which Plaintiffs contend constitutes a separate act of extortion.

We need not decide whether the extortion scheme alleged by Plaintiffs constitutes a single predicate act or involves multiple acts of extortion. Even assuming, as Plaintiffs argue, that each sale constitutes a separate act of extortion, Plaintiffs' RICO claim nevertheless fails because Plaintiffs have failed to adequately allege "a pattern of racketeering activity" that "carries with it an implicit threat of continued criminal activity in the future or … by its nature projects into the future with a threat of repetition." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 660 (7th Cir. 2015) (internal quotation marks and citations omitted). To prove a pattern, Plaintiffs "need to satisfy the 'continuity plus relationship' test, which requires that the predicate acts be related to one another (the relationship prong) and that they pose a threat of continued criminal activity (the continuity prong)." *Id.* at 659 (citations omitted).

Here, Plaintiffs allege that Defendants associated together "for the common purpose of using extortion to acquire all 354 homes located in Pleasant Ridge and redevelop Pleasant Ridge for the private enrichment of some or all defendants." Sec. Am. Compl. ¶ 168. No facts are alleged indicating that Defendants previously engaged in a similar scheme or have the plans or intention to engage in similar misconduct in the future. In other words, the Second Amended Complaint "explicitly presents a distinct and non-reoccurring scheme with a built-in termination point and provides no indication that the perpetrators have engaged or will engage in similar misconduct …." *Gamboa v.*

*Velez*, 457 F.3d 703, 709 (7th Cir. 2006). The Seventh Circuit has held that such allegations are insufficient to allege continuity for RICO purposes "even if the purported scheme takes several years to unfold, involves a variety of criminal acts, and targets more than one victim." *Id.* (collecting cases).

Because Plaintiffs' RICO claims pursuant to § 1962(a), (c), and (d) are each premised on the existence of a pattern of racketeering activity, which Plaintiffs have failed to adequately plead, Count 3 of the Second Amended Complaint must be dismissed as to all Defendants. We need not address the remaining arguments advanced by Defendants in support of dismissal.

### III. Conclusion

For the reasons detailed below, we <u>GRANT</u> Defendants' motions for partial judgment on the pleadings [Dkts. 24, 28, and 32]. Plaintiffs' civil RICO claims alleged in Count 3 of the Second Amended Complaint are hereby dismissed. The case shall proceed accordingly.

IT IS SO ORDERED.

Date: 3/15/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF